Félix Benítez Rexach et al., Plaintiffs and Appellants, v. Municipality of Bayamón et al., Defendants and Appellees.

No. 5368.   Argued January 13, 1931.—Decided July 7, 1932.

*C. Coll y Cuchí* for appellants. *Bolívar Pagán* for the appellee municipality. *Guerra Mondragón & Soldevila* for Del Valle & Co. *James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for the Commissioner of the Interior.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellants filed an ordinary suit in the District Court of San Juan seeking to annul an award in a bid made by the Administrative Board of the Municipality of Bayamón. A petition for an injunction *pendente lite* was filed. After a hearing, the District Court of San Juan refused to issue the so-called preliminary injunction. The plaintiffs appealed.

The first proposition with which we have had to contend in this case is one of prescription. The District Court of San Juan decided that under section 83 of the Municipal Law of 1928, any action that would have accrued to the complainants should have been begun within thirty days from the award made in this case. The court said:

> In accordance with section 83 of the existing Municipal Law of April 28, 1928 (No. 53 of that year), the district courts have jurisdiction at the instance of the aggrieved party to stay by injunction the execution of any ordinance, act, resolution, or order which violates rights guaranteed by the Constitution or by the laws of Puerto Rico, but in such a case the aggrieved party may file his suit only within the term of thirty days from and after the date on which the executive or administrative act shall have been performed or the ordinance, action, resolution, or order shall have been promulgated or communicated to the complaint. The injunction may be directed against the municipal assembly, the administrative board, the mayor, or any other municipal officer. The board of awards is the administrative board and is composed of all the administrative officers except the auditor and the secretary, and among the powers of said board is the calling for bids and the adjudication of awards."

Our great difficulty has been that on the day of the hearing the appellants filed an additional brief wherein they alleged that there was no such prescription inasmuch as to fix the running of the statute the said award had to be approved by the Commissioner of the Interior and that accordingly their action was begun within thirty days from such approval. At the hearing the appellees obtained leave to file an additional memorandum if they deemed it convenient. This memorandum has never been filed. It is fairly evident

that if the plaintiffs had begun their proceeding before the approval by the Commissioner of the Interior the latter officer, if not the other defendants, would have alleged that no cause of action lay because the Commissioner had not given his approval as required by law.

While generally prescription should run from the date of the alleged ordinance or act, this can not be true when something further has to be done before such ordinance or act takes effect. Likewise we doubt whether the appellants are really complaining of any ordinance of the municipality but merely of the manner of its execution.

Another thing that has occurred to us during the consideration of this cause is that the appellees who alleged the prescription did not show the date when the Commissioner of the Interior approved the award. Naturally the person who relies on prescription must show the time when it was supposed to begin. Under these circumstances, we feel bound to enter into the merits of the case.

The District Court of San Juan, as additional reasons for denying the injunction, held that the successful bidders had complied with the terms of the law or of the call for bids, as the case may be, and that Félix Benítez Rexach and Fernando Caso, the petitioners in this case, did not.

At the hearing this case was consolidated with that of Manuel Y. Saldaña against the same defendants. A stipulation was filed to this effect. The appellees, or one of them, say that a brief was filed in the Saldaña case, but not in the present one. However, a typewritten copy of the brief in the Saldaña case was filed herein and, by reason of the stipulation of the parties, is to be considered as a regular brief.

The appellees attack the interest or capacity of the plaintiffs to assail the ordinance or the award. Perhaps Mr. Saldaña as a taxpayer of San Juan had no right to present a complaint. This aspect of the case we shall discuss hereafter. We think, however, that Benítez Rexach and Caso

being the disappointed bidders would have an action if the award was improperly made.

This was a case where a contract or understanding arose between the municipalities of San Juan and Bayamón wherein the latter was to undertake the amplification of the aqueduct. The proprietary or the possessory rights to this work were to remain under the control of the Municipality of San Juan and the Municipality of Bayamón was to receive its compensation by way of the administration of water. In a subsequent contract it was agreed that inasmuch as the Municipality of Bayamón would only be able to pay $50,000 of the $85,000 estimated as the cost of the work, the Municipality of San Juan would secure a loan for the balance of $35,000, provided that Bayamón should in turn pay it back to San Juan under certain conditions. The authorities cited by the parties on the right of the municipalities of San Juan and Bayamón to have undertaken a project of this kind are not very satisfactory. However, each of the municipalities concerned was a body politic with certain general inherent powers. Each of them expected to derive a benefit from the project and we do not think that the fact that the Municipality of Bayamón rather than that of San Juan undertook the work was *ultra vires* under the circumstances. So far as the bidders were concerned, the Municipality of Bayamón did not have to explain the origin of its agreement with the Municipality of San Juan. Perhaps anybody who took part in the bidding could with difficulty raise the question. An estoppel might arise against him.

We have some question whether Manuel Y. Saldaña, a citizen and taxpayer of San Juan, had a sufficient interest to present his suit, at least in the absence of an averment that some detriment would be suffered by the Municipality of San Juan. However, even supposing that he had, going to the merits, as we have indicated, we think that the two municipalities had a right to make the agreement and that the interest of the taxpayers of San Juan were in no way prej-

udiced. The Municipal Law requires that an action of this sort must be brought by a person who suffers a prejudice.

We do not think that the changes made in the terms of payment to the contractors, of which the appellants complain, substantially affected the rights of anybody. Nor do the appellants convince us that the Municipality of Bayamón, supposing its power to award the contract, as we do, could not choose the bidder to whom the contract could be awarded despite the fact that some other person might have put in a lower bid. In the absence of fraud, clear abuse of discretion, or some other like element, we think they could.

The appellees also maintained that as the Municipal Law expressed the remedies that a party might have, no other suit lay. As the case is decided on other grounds and the question was not well developed in the briefs, we shall not discuss it.

The ruling appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.